**Flavio L. Komuves**
609 987 6854
komuvesfl@bipc.com

December 15, 2004

**Document Filed Electronically and
by UPS Overnight**

Honorable Mary L. Cooper, U.S.D.J.
United States District Court
402 East State Street
Trenton, New Jersey 08608

    Re: **DeLucia v. Biancone & Wilinsky, LLP
          Docket No. 04-5860 (MLC)**

Dear Judge Cooper:

    We represent the plaintiff, Louis T. DeLucia, as Receiver for Wellesley Services, LLC, ("Receiver") in the above-referenced action. We write in response to the Court's Order to Show Cause, issued *sua sponte* on December 10, 2004.

    Initially, the Court should be aware that on November 3, 2004, well before the notice of removal was filed, the Receiver filed a First Amended Complaint as of right, naming Sweeney Tom & Rumana, P.A. (the "Sweeney Firm") as an additional defendant. See Certification of Flavio L. Komuves dated December 15, 2004 filed herewith ("Komuves Cert."), Exh. A. Because the removing defendant, Biancone & Wilinsky, LLP ("Biancone Firm"), was not aware of this First Amended Complaint at the time the Notice of Removal was filed, we have since notified its counsel of the prior filing of the First Amended Complaint, and we likewise have prepared this submission to apprise the Court of these matters.

    The Sweeney Firm is a Professional Corporation, incorporated under New Jersey's Professional Service Corporation Act. See Komuves Cert., Exh. B; see also N.J.S.A. 14A:17-1 to –18. Although the suffix of the Sweeney Firm is "P.A.," it is still considered a Professional Corporation as a matter of law. N.J.S.A. 14A:17-14.

    As a corporation, the Sweeney Firm's citizenship is evaluated under 28 U.S.C. § 1332(c)(1). Thus, the Sweeney Firm is a citizen of New Jersey, because its principal place of business and its state of incorporation are both New Jersey. The joinder of the Sweeney Firm as a defendant prior to removal has therefore destroyed diversity in this case, as the Receiver too is a citizen of New Jersey, and was a citizen of New Jersey when the complaint was filed.

    Because there is a lack of complete diversity among the defendants named at the time of removal (whether or not they were all served), this Court lacks subject matter jurisdiction over

December 15, 2004
Page - 2 -

the action.  See, e.g., Pechereski v. General Motors Corp., 636 F.2d 1156 (8th Cir. 1981); Oxendine v. Merck & Co., 236 F. Supp. 517 (D.Md. 2002); Everett v. MTD Products, Inc., 947 F. Supp. 441 (N.D. Ala. 1996); Ruiz v. Farmers Ins. Co., 757 F. Supp. 1196 (D. Kan. 1991); Kelly v. Drake Beam Morin, Inc., 695 F. Supp. 354 (E.D. Mich. 1988).

      In view of the foregoing, we respectfully request that the Court's Order to Show Cause be modified to require the Biancone Firm to make a showing establishing the subject matter jurisdiction of this Court, notwithstanding the facts set forth here.  In addition, so that these issues may be resolved with dispatch, we request that the briefing and return dates under the Order to Show Cause be accelerated.

                          Respectfully submitted,

                          BUCHANAN INGERSOLL PC
                          Attorneys for Louis T. DeLucia, as Receiver for
                          Wellesley Services, LLC


                          By:   /s/ Flavio L. Komuves
                              FLAVIO L. KOMUVES (FK-1423)

FLK/

cc: Loren L. Speziale, Esq.
    Sweeney, Tom & Rumana, P.A.

December 15, 2004
Page - 3 -

bcc:   Louis T. DeLucia, Esq.
        Thomas W. Halm, Jr., Esq.
        Suzanne Suarez, Esq.